UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY MICHAEL ZERBST,<br>    Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant.<br>_____/ | Case No.: 16-10876<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)(1) (ECF No. 29)**

**I.    BACKGROUND**

Before the Court is Plaintiff's October 17, 2019, motion for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 29). This motion comes to the Court after Plaintiff's Social Security disability appeal was remanded back to the Commissioner of Social Security for further proceedings. (ECF Nos. 24, 25). On September 6, 2018, Plaintiff received a favorable disability determination. (ECF No. 30-1, PageID.769).

On October 17, 2019, more than one year after the favorable administrative decision, Plaintiff filed the motion for attorney fees at bar. The Commissioner filed a timely response. (ECF No. 30). This matter was referred to the undersigned for report and recommendation. (ECF No. 32).

For the reasons discussed below, the undersigned **RECOMMENDS** the motion for attorney fees be **DENIED** as untimely.

## II. DISCUSSION

There are three statutory provisions which address payment of fees to attorneys who represent claimants in social security appeals. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) authorizes district courts to require the United States to pay an award of attorney's fees to a "prevailing party" in a civil action against the United States or one of its agencies, such as the Social Security Administration ("SSA"). A claimant who wins a remand at the federal level is deemed a "prevailing party" regardless of whether the claimant ultimately receives benefits from the Commissioner, and an EAJA award does not impact the amount in past-due benefits received by the claimant since the cost of the award is borne by the Social Security Administration.

The second provision is found in 42 U.S.C. § 406(a), which covers work performed by the claimant's representative at the administrative level.

The last provision involving attorney's fees and the one relevant to the instant motion is contained in 42 U.S.C. § 406(b). This provision allows a claimant's representative to recover attorney's fees of up to 25 percent of past-due benefits for work performed in federal court as part of a social security appeal. Such an award is only available to counsel when a claimant receives a favorable

decision from an administrative law judge following remand from federal court. § 406(b)(1)(A). Because the award reduces the amount of past-due benefits recovered by the claimant, it generally must be memorialized by a fee agreement.[1] Moreover, counsel may apply for fees under both the EAJA and 42 U.S.C. § 406(b) but must refund to the claimant whichever of the two amounts is smaller. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

The Commissioner filed a response disputing the timeliness of Plaintiff's motion. Pursuant to Local Rule 54.2, Social Security Fee Motions,

> Attorneys representing clients in social security disability claims under Title II of the Social Security Act who seek District Court approval under 42 U.S.C. § 406 must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later. Attorneys representing clients in social security disability claims who seek District Court approval under 28 U.S.C. § 2412 (d), the Equal Access to Justice Act, shall file a motion within 30 days of final judgment in the action.

EDMI Local Rule 54.2(a) (effective beginning March 3, 1998). The Commissioner points out the favorable administrative decision was issued in September 2018, and notices of the award were mailed to Plaintiff's counsel in August and October 2018. Yet, Plaintiff did not file this motion until nearly a year later.

---

[1] The fee agreement is attached to the motion. (ECF No. 29-3).

The following facts are relevant to the question of timeliness. After this case was remanded back to the Commissioner, the administrative law judge issued a favorable disability decision on September 6, 2018. (ECF No. 30-1, PageID.769). On August 6, 2018, one month prior, the SSA mailed a Notice of Award letter to Plaintiff's counsel, "Howard D. Orlinksy," enclosing a copy of a letter sent to Plaintiff.[2] The letter explained Plaintiff was entitled to disability benefits dating back from May 2012 to April 2014. (ECF No. 30-2). The letter included information regarding attorney fees. Specifically, it stated $7,985.50 would be withheld "in case the court representative asks the Federal court to approve a fee for the work that was done before the court." (*Id.* at PageID.774). On October 9, 2018, the SSA mailed to Plaintiff's counsel, "Howard D. Olinsky," a letter enclosing another Notice of Award letter sent to Plaintiff. This notice indicated Plaintiff would be paid benefits beginning May 2014. Further, $47,125.68 of that back-pay award was being withheld "in case we need to pay your lawyer." (ECF No. 30-3, PageID.780). On October 8, 2019, approximately one year later, the SSA mailed a letter of inquiry to "Howard Olinsky" informing him the SSA was withholding $27,121.00, which represents 25% of Plaintiff's past-due benefits in anticipation of payment of an authorized attorney fee. The SSA inquired whether Olinsky had petitioned this Court for a fee for his services. (ECF No. 29-4).

---

[2] This letter spelled Plaintiff's counsel's last name incorrectly.

All three letters were mailed to counsel at the same address: 300 S. State Street, suite 420, Syracuse, New York 13202-2060. (ECF No. 29-4, PageID.732; ECF No. 30-2, PageID.770; 30-3, PageID.778). Plaintiff's counsel, Mr. Olinksy, admits to receiving the October 8, 2019 letter of inquiry.[3] (ECF No. 29-1, PageID.703). He filed this motion for attorney fees nine days later. He asserts he did not receive a copy of the Notice of Award (sent in August and October 2018) because he was not Plaintiff's counsel at the administrative hearing level. (*Id.*).

The undersigned is hard-pressed to accept Plaintiff's counsel's unsworn representation that he did not receive the Notices of Award merely because he did not serve as counsel at the administrative level. On June 20, 2018, the SSA acknowledged receipt of written notice from "Howard David Olinsky" that Plaintiff had appointed him to act as his representative. The letter informed Olinsky the SSA "will deal directly with [him] on matters that concern" Plaintiff's claims. (ECF No. 30-8). Moreover, as indicated, the SSA sent to Olisnky, at the same address, two Notices of Award in 2018 and the letter of inquiry in October 2019, the latter of which he admitted to receiving. The fact Olinksy did not perform legal work for Plaintiff at the administrative level did not prevent him from receiving notices from the SSA regarding Plaintiff's case.

---

[3] Mr. Olinsky's office is no longer located at the S. State Street address. Since he admittedly received the October 2019 letter at the S. State Street address, it appears that was his address during the time frame relevant to the matter at hand.

The Commissioner contends Olinsky is presumed to have received the Notices of Award. The Commissioner cites *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 143 (1st Cir. 2012), for the proposition there is a "presumption that, in the absence of evidence to the contrary, a notice provided by a government agency is deemed to have been placed in the mail on the date shown on the notice and received within a reasonable time thereafter." (ECF No. 30, PageID.755). Plaintiff has not pointed to any contrary law, nor did he avail himself of the opportunity to explain his position in a reply brief.

Although *Loubriel* decided the timeliness of exhaustion of administrative remedies, rather than the timeliness of a motion for attorney fees, the undersigned finds the holding regarding presumption of receipt equally applicable here. The notices provide sufficient proof they were mailed directly to Plaintiff's counsel and presumptively delivered to counsel at his S. State Street address during the relevant time period. Local Rule 54.2 states a motion for attorney fees *must* be filed within 14 days of the judgment or receipt of the Notice of Award, whichever is later. The undersigned considers the time of receipt of the October 9, 2018, as the operative date. Presumably Plaintiff's counsel received this Notice within a reasonable time of that date. The Court need not be concerned with calculating the likely date of receipt because Plaintiff's October 2019 motion is well beyond October 2018, and

well beyond the 14 days prescribed in the Local Rule.[4]  Accordingly, the undersigned recommends the motion for attorney fees be denied.  If this recommendation is adopted, the undersigned suggests Plaintiff's counsel be ordered to notify the SSA of this determination so that Plaintiff may receive the withheld 25% of his back-pay award.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorney Fees (ECF No. 29) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

[4] The Commissioner, perhaps in an abundance of caution, addressed whether equitable tolling would apply here.  (ECF No. 30, PageID.753-54).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  On the facts presented, the undersigned cannot readily conclude Plaintiff (or his counsel) diligently pursued his rights.  The case was remanded back to the Commissioner in September 2016, yet there is no indication counsel ever inquired about the status of the case.  Further, the facts do not suggest some extraordinary circumstance stood in the way of a diligent pursuit of attorney fees.  Thus, even if the Court were to entertain a tolling argument, the argument should fail.

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 25, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge