UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Michael Zerbst,

          Case No. 16-10876

    Plaintiff,

          Judith E. Levy
v.           United States District Judge

Commissioner of Social Security,  Mag. Judge Curtis Ivy, Jr.

    Defendant.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [33], DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES [29]**

On September 6, 2018, Plaintiff Jeffrey Michael Zerbst received a favorable disability determination. (ECF No. 30-1, PageID.769). On October 17, 2019, more than one year after the favorable administrative decision, Plaintiff's counsel, Howard D. Olinsky, filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 29.) Before the Court is Magistrate Judge Curtis Ivy, Jr Report and Recommendation ("R&R") (ECF No. 33) recommending that the Court deny Plaintiff's counsel's motion for attorney fees because it is untimely (ECF No. 29). Judge Ivy found that Plaintiff's counsel's "unsworn representation that

he did not receive the Notices of Award" was insufficient evidence to rebut the presumption that he received notice of the attorney fee award when it was mailed in August 2018, and then mailed again in October 2018. (ECF No. 33, PageID.807, 809.)

On November 5, 2021, Plaintiff filed a timely objection to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). Specifically, Plaintiff's counsel reiterates that he became aware of the award in this case upon receiving the October 8, 2019 letter of inquiry and he argues that "[a]bsent proof to the contrary, the Court should accept Petitioner's assertion that he did not receive any notice sent by the [the Social Security Agency] prior to the October 8, 2019 notice." (ECF No. 34.)

Defendant, the Acting Commissioner of the Social Security Administration, responded in opposition to Plaintiff's objection. (ECF No. 35.)

For the reasons set forth below, Plaintiff's objection is overruled, and the R&R is adopted. Accordingly, Plaintiff's motion for attorney fees is denied.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 33, PageID.805, 808–809.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original) (quoting E.D. Mich. LR 72.1(d)(1)). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of

the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." Id. (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

Plaintiff's counsel argues that the Magistrate Judge erred in finding that the attorney fee motion was untimely (ECF No. 34), reiterating that he did not receive the attorney fee notice in 2018 and that he "was unaware that attorney's fees were available until receipt of the October 8, 2019 notice." (*Id.* at ECF No. 34, PageID.813–814.) This is an improper re-hash of an argument that the Magistrate Judge squarely considered and rejected. (ECF No. 33, PageID.809.) *See Coleman-Bey*, 287 F. App'x at 422 ("A district court does not abuse its discretion when

4

it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those [previously] rejected . . .").

Even so, this objection fails because Plaintiff fails to show any flaw in the R&R. Rather, Plaintiff misconstrues cases in his objection. Plaintiff incorrectly contends that *Ciprian v. City of Providence*, 12-651-ML, 2013 WL 1339264 (D.R.I. Apr. 1, 2013) limits or diverges from a case that Judge Ivy cited, *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 143 (1st Cir. 2012). In *Loubriel*, the First Circuit reviewed a summary judgment decision and found that the plaintiff's vague, unsworn reference to receiving a right-to-sue notice in September 2009 did *not* rebut the presumption that her attorney received the letter within a reasonable time that the notice was mailed in May 2009. In *Ciprian*, an opinion and order deciding a motion to dismiss, the district court accepted the plaintiff's allegation that he received his right-to-sue letter on June 25, 2012, rather than on May 3, 2012. *Ciprian*, 2013 WL 1339264, at *4–5. But *Ciprian* is consistent with *Loubriel* and does *not* show that federal courts generally accept unsworn statements as proof[1] rebutting the date

---

[1] The Court also notes that following the R&R, Plaintiff failed to submit an affidavit swearing to the date the attorney fee notice was received.

5

a letter was mailed and received at any stage of litigation. Instead *Ciprian* demonstrates that courts must construe non-conclusory allegations—including allegations regarding the date a letter was received—in a light most favorable to the plaintiff on a motion to dismiss. *Id.* at *4–5. And here, unlike the legal standard on a motion to dismiss, the Court need not accept all of Plaintiff's non-conclusory allegations as true..

The other cases that Plaintiff's counsel references are readily distinguishable from the facts at issue in this case. In *Davis v. Sears, Roebuck & Co.*, 708 F.2d 862, 864 (1st Cir. 1983), the First Circuit affirmed the district court's consideration of affidavits addressing the date on which the plaintiff received a right-to-sue letter, whereas in this case, Plaintiff failed to submit *any* affidavit in support of his contention that he received the notices approximately one year after it was mailed. *Bahnmiller v. Comm'r of Soc. Sec.*, 16- 14097, 2021 WL 949520 (E.D. Mich. Mar. 12, 2021) is also unhelpful to Plaintiff's counsel because it involved a much shorter delay of five days between the date an award was mailed, and the date the plaintiff's counsel alleged the notice was

6

received. Delays of that length between mailing and receipt are substantively different from the year-long delay in this case.

Plaintiff shows no error in Judge Ivy's decision. Indeed, Plaintiff's counsel again fails to cite any case supporting his argument that this Court should accept his unsworn assertion with respect to the date he first received the Notice of Award at this stage of litigation.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 33.) Therefore, Plaintiff's motion for attorney fees is DENIED (ECF No. 29). Further, Plaintiff's counsel is ordered to notify the Social Security Administration of this order so that Plaintiff may receive the withheld 25% of his back-pay award.

IT IS SO ORDERED.

Dated: August 26, 2022          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
